UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SEAN ADAM ROGERS,

        Petitioner,                        Case No. 1:13-cv-552

v.                                              Honorable Gordon J. Quist

SHERRY BURT,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.        Factual Allegations

Petitioner Sean Adam Rogers presently is incarcerated at the Muskegon Correctional Facility. Following a jury trial in the Ingham County Circuit Court, Petitioner was convicted of one count of first-degree premeditated murder, MICH. COMP. LAWS § 750.316a. On March 5, 2003, Petitioner was sentenced to life imprisonment without parole.

Petitioner appealed to the Michigan Court of Appeals, raising two grounds: (1) he was deprived of a fair trial by the trial court's use of the words "Really Insane" rather than "Legally Insane" during jury instructions; and (2) trial counsel was ineffective for failing to argue self-defense. In an unpublished decision issued June 22, 2004, the court of appeals rejected both arguments and affirmed the conviction. Petitioner sought leave to appeal the same two issues to the Michigan Supreme Court. The supreme court denied leave to appeal on February 28, 2005.

On December 28, 2011, Petitioner filed a motion for relief from judgment, raising ten new issues: (1) denial of due process by the trial court's failure to order a competency examination; (2) denial of due process by the failure to provide *Miranda* warnings before Petitioner was interviewed by the state's expert psychologist; (3) denial of due process when the state psychologist relied on inadequate information in reaching an opinion on Petitioner's sanity; (4) denial of due process by a concession of the defense expert psychologist; (5) denial of due process by the trial court's interference in defense counsel's impeachment of a witness; (6) ineffective assistance of counsel through cumulative errors; (7) [missing]; (8) denial of equal protection by the court's imposition of a $500.00 reimbursement without an assessment of Petitioner's ability to pay; (9) ineffective assistance of appellate counsel; and (10) violation of the Ex Post Facto Clause by the

imposition of a crime victim restitution fee. The trial court denied the motion on January 18, 2012. Petitioner appealed to both the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on November 8, 2012 and April 29, 2013, respectively.

Petitioner filed the instant habeas application on or about May 16, 2013.[1] In his petition, he raises four grounds:

> [I.] THIS PETITIONER IS ACTUALLY INNOCENT OF FIRST DEGREE PREMEDITATED MURDER MCL.750.316A, WHERE THE STATE OF MICHIGAN FAILED TO PROVIDE PETITIONER WITH AN ADEQUATE COMPETENCY EVALUATION AND HEARING.
>
> [II.] THE PETITIONER IS ACTUALLY INNOCENT OF FIRST DEGREE PREMEDITATED MURDER MCL.750.316A, WHERE THE STATE OF MICHIGAN IN VIOLATION OF ESTELLE V. SMITH, 451 US 454; 101 S.CT 1866 (1981), USED STATEMENTS GIVEN TO THE STATE'S PSYCHOLOGIST WITHOUT THIS PETITIONER EVER BEING GIVEN MIRANDA WARNINGS.
>
> [III.] PETITIONER WAS DENIED A FAIR TRIAL WHEN THE STATE'S EXPERT PSYCHOLOGIST MADE A FALSE FINDING OF THE CHARGED OFFENSE WITHOUT ANY CLINICAL AND OBSERVATORY TESTING.
>
> [IV.] PETITIONER IS ACTUALLY INNOCENT OF FIRST DEGREE PREMEDITATED MURDER MCL.750.316A, WHERE CONTRARY TO STRICKLAND V. WASHINGTON, 466 US 668; 104 S.CT 2052 (1984); U.S.CONST.AMED.6,14; HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF A COURT APPOINTED ATTORNEY AS THAT OF ONE RETAINED, WHERE COUNSEL DID THE EGREGIOUS ACTIONS AND INACTIONS THAT ARE AS FOLLOWS:

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on May 16, 2013, and it was received by the Court on May 20, 2013. Thus, it must have been handed to prison officials for mailing at some time between May 16 and 20, 2013. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> A. ARGUED PETITIONER'S GUILT TO THE JURY BY WAY OF CONCEDING IT DURING VOIR DIRE AND CLOSING ARGUMENT CONTRARY TO THIS PETITIONER'S PLEA OF NOT GUILTY.
>
> B. PUT FORTH A EXPERT PSYCHOLOGIST FOR THE DEFENSE TO ESTABLISH EVIDENCE ESTABLISHING SPECIFIC INTENT.
>
> C. FAILED TO REQUEST AN INSTRUCTION ON THE LESSER INCLUDED OF VOLUNTARY MANSLAUGHTER.
>
> D. REFUSED TO ALLOW THIS PETITIONER TO TESTIFY IN HIS OWN BEHALF.

(Pet., docket #1, Page ID##6-7 (verbatim).)

### II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to his habeas application, Petitioner appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 28, 2005. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, May 30, 2005.

Petitioner had one year, or until May 30, 2006, in which to file his habeas application. Petitioner filed on May 16, 2013. Obviously, he filed more than one year after the time for direct review expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2006, his collateral motion filed in 2011 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner argues, however, that he is entitled to equitable tolling of the statute of limitations because he is actually innocent of the offense. In *McQuiggin v. Perkins*, ___ S. Ct. ___, No. 12-126, 2013 WL 2300806, at *7 (May 28, 2013), the Supreme Court held that a habeas petitioner is not entitled to equitable tolling of the statute of limitations on the basis of a claim of actual innocence. *Id.* Instead, the Court ruled that a petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 2013 WL 2300806, at *9 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations

rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at *11-12.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: June 14, 2013  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).